## BARTLETT v. A CARGO OF LUMBER.

*(District Court, E. D. New York. March 28, 1890.)*

**DEMURRAGE—LIABILITY OF CONSIGNEE—TIME OF DISCHARGE—CUSTOM OF PORT.**

    Where it was proved to be a custom of the port of New York for vessels to be discharged in the order of their arrival at the wharf of the consignee, *held*, that a vessel which arrived after other vessels, and was discharged in her turn, could not recover demurrage for the time lost in awaiting her turn.

In Admiralty.

Action by the master of the brig George E. Dale against a cargo lately on board that vessel, to recover demurrage. The bill of lading under which the lumber was transported contained no provision as to time of discharge, or for "dispatch."

*Goodrich, Deady & Goodrich*, for libelant.

*R. D. Benedict*, for claimant.

BENEDICT, J. This is an action for demurrage. The detention complained of was delay in unloading the schooner George E. Dale. The cargo was lumber. The consignee's place of discharge was a pier where there was a space of some 250 feet. When the George E. Dale arrived at this place of discharge, she found the schooner Emerson there before her. The Eltie was then discharging at the pier. After the Eltie was discharged the Emerson was given the berth, and then the Dale was given the berth and discharged. The position of the libelant is that there was room for two vessels to lie at the pier and be discharged at the same time, and that it was the duty of the consignee, therefore, to discharge two vessels at the same time, instead of keeping the Dale waiting until the Emerson was discharged. The proof is not very satisfactory to show that two vessels could be properly discharged at the same time at this place, but, however that may be, the proof is that by the custom of the port in regard to the discharging of lumber the consignee is not required to be prepared to discharge and take care of two cargoes of lumber at the same time. The custom shown by the proofs is that where several vessels come to the same consignee, the consignee discharges them in turn; that is, one after the other, in the order of their arrival. This custom the consignee followed in this case when he discharged the Dale in her turn next after the Emerson. Under the custom proved it was no failure of his duty to decline to undertake the discharge of the Dale before the discharging of the Emerson was concluded, even if the fact was that there was room at the pier for both vessels to be discharged at the same time. The libel must be dismissed, with costs.

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.